UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES E. MALARKY, )<br><br>Plaintiff, )<br><br>v. )<br><br>GUIDANT CORPORATION, )<br>GUIDANT SALES CORPORATION, )<br>JOHN DOE a sales representative )<br><br>Defendants. ) | C.A. No. 02-11952 (GAO) |

## <u>STIPULATION FOR ENTRY OF PROTECTIVE ORDER</u>

Plaintiff James E. Malarky, and Defendants, Guidant Corporation and Guidant Sales

Corporation, by and through their respective counsel, hereby stipulate, pursuant to Federal Rule

of Civil Procedure 26(c), to the entry of the stipulated Protective Order attached hereto as Exhibit

1. The Protective Order is necessary to protect trade secrets, patient information, and other

confidential information contained in documents and testimony likely to be discovered in this

case. The parties respectfully request that the Court enter the attached order.

Dated this 20 day of January, 2004.

JAMES E. MALARKY

GUIDANT CORPORATION and
GUIDANT SALES CORPORATION,

By his Attorney,

By their Attorneys,

Albert C. Flanders, Esq.
Ashcraft & Gerel, LLP
440 Commercial Street
Boston, MA 02109

Mark J. Hoover (BBO # 564473)
Christopher Callanan (BBO # 630649)
CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES E. MALARKY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 02-11952 (GAO) |
| ) | |
| GUIDANT CORPORATION, ) | |
| GUIDANT SALES CORPORATION, ) | |
| JOHN DOE a sales representative ) | |
| ) | |
| Defendants. ) | |
| ) | |

## STIPULATED PROTECTIVE ORDER

Certain documents, testimony, and other information to be disclosed or produced in this litigation contain trade secrets or other confidential research, development, or commercial information, as well as other information protected from disclosure by applicable law. As used in this order, the terms "GC" or "GSC" refer to the defendants, Guidant Corporation and Guidant Sales Corporation, and any subsidiary, division, or parent corporation of these named defendants. Pursuant to Rule 26 of the Federal Rules of Civil Procedure, to preserve the confidentiality of such confidential documents and information during all phases of this case, it is ordered as follows:

1.      A party producing documents or propounding written discovery responses that contain trade secrets or other confidential research, development, commercial information, or information relating to any specific patient or voluntary reporter of any adverse event (from which identifying information will be redacted as set forth in paragraph 20, *infra*),

("Confidential Information") shall mark such documents with the word "Confidential."
Documents so marked are sometimes referred to in this order as "Protected Documents."

2.      If a protected document is used or marked as an exhibit in a deposition, or if deposition questions, testimony, or colloquy discloses confidential information, counsel for whom the deponent or the party with whom the deponent is affiliated shall inform the court reporter and counsel for the other parties of the claim of the confidentiality either contemporaneously during the deposition or within 30 days after receiving a copy of the deposition transcript. In addition, any other person claiming that any information disclosed in the deposition is confidential information may so inform the court reporter and counsel for all parties in the same period. Each transcript so designated as confidential shall be treated as a protected document, and all such testimony so designated shall be treated as confidential information, except as otherwise agreed by each deponent and party claiming confidentiality or ordered by the Court.

3.      The designation of material as "Confidential" shall be made by placing or affixing on the first page of the material, or on each page of the material, in a manner that will not interfere with the material's legibility, the word "CONFIDENTIAL." The designation of material as "Confidential" may be made prior to reproduction of any such material selected on behalf of Plaintiff for copying and before distribution of such reproduced material to Plaintiff. A party shall not be deemed to have waived any right to designate materials as "Confidential" by allowing inspection of such material prior to a designation of such material as "Confidential" or by inadvertently failing to mark a document as "Confidential" prior to its disclosure.

4.      Confidential information shall not be used or shown, disseminated, copied, or in any way communicated, orally, in writing, or otherwise, to anyone for any purpose whatsoever, other than as required by Plaintiff or Defendants for the preparation and trial of this action.  Access to confidential information shall be limited to those persons designated as "qualified persons" in paragraph 5 below, and all such qualified persons given access to confidential information shall keep all confidential information and the material contained therein confidential from all other persons.

5.      Confidential information, and the information and contents of protected documents, may be disclosed only to the following persons (hereinafter referred to as "qualified persons"):

a.      Plaintiff in this action and other designated cases;

b.      Defendants, and for Defendants that are corporate entities, their officers, directors, employees, and agents;

c.      Counsel of record for Plaintiff and Defendants in this action and other designated cases, and direct employees of such counsel who are materially assisting counsel in the preparation or trial of this action or other designated cases;

d.      In-house counsel for any of the Defendants in this action and other designated cases, including any in-house counsel for any subsidiary, division, or parent corporation of the named defendants;

e.      Experts and consultants retained by the parties in this action and other designated cases, whose assistance is necessary for trial preparation of

3

this action, <u>provided</u> that no such disclosure shall be made to any person who is currently employed by any competitor of GC or GSC and who is involved with work on any device designed to treat abdominal aortic aneurysms;

f.    Under seal to the Court and the Court's employees and staff; and

g.    Any person mutually agreed upon in writing among all the parties to this action.

6.    In no event shall any disclosure of protected documents or confidential information be made to any current employee, who is involved with work on any device designed to treat abdominal aortic aneurysms, of any competitor of GC or GSC. As used in this paragraph and paragraph 5(e), a competitor of GC or GSC is any company, business, or organization that designs, manufactures, markets, distributes, or sells any kind of endovascular graft for the use in treating or repairing abdominal aortic aneurysms ("AAA"). This includes, but is not limited to, the following companies, and any parents, subsidiaries or divisions of these companies:  Medtronic, Inc.; Medtronic AneuRx, Inc.; Medtronic AVE, Inc.; Boston Scientific Corp.; Cook Incorporated; W.L. Gore & Associates; Radiance Medical Systems, Inc.; Endologix; Johnson & Johnson; Cordis Corporation; TERAMed, Inc.; Trivascular; Anson Medical Ltd.; Sulzer Vascutek Ltd.; ENDOMED, Inc.; Edwards Lifesciences; Pfizer Inc; and Baxter Healthcare Corporation.  As used in this paragraph and paragraph 5(e) an employee of a competitor does not include clinical investigators; film readers; or independent consultants or physicians.

7.      Before being given access to any protected document or confidential information, each qualified person (other than the Court) shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree in writing, in the form attached hereto as Exhibit "A", to be bound by the terms of this Order. Counsel for each party shall maintain a list of all qualified persons to whom they or their client have provided any protected document or confidential information, and that list shall be available for inspection by the Court. Any qualified person breaching the protective order may be held liable for any resulting damages to Guidant, as to be determined in an appropriate proceeding by this Court.

8.      Plaintiff's and Defendants' counsel of record in this case shall keep records of each distribution of copies of protected documents and transcripts designated as confidential by the opposing party to qualified persons. Any copy of a document so distributed that has been designated as confidential by the opposing party shall be returned to the distributing counsel or destroyed at the completion of the qualified person's consultation or representation in this case and other designated cases. Each qualified person shall, upon request by either party or the Court, execute an affidavit stating that all such documents and copies thereof have been returned or destroyed as required. If documents are destroyed rather than returned under the provisions of this paragraph, the destroying party shall inform the opposing party's counsel in writing of such destruction.

9.      All documents that are filed with the Court that are protected documents or that contain confidential information shall be filed in a sealed envelope or other appropriate sealed container that is plainly and conspicuously marked with (a) the title and case number of this action; (b) an indication of the nature of the contents of such sealed envelope or other

container (*e.g.*, "Confidential Deposition Testimony"); (c) the phrase "CONFIDENTIAL - FILED UNDER SEAL" and (d) a statement substantially in the following form:

> This envelope is sealed and contains Confidential Information filed in this case by [name of filing party] and is not to be opened or the contents thereof displayed or revealed except by order of the Court or pursuant to written stipulation of the parties to this action. This envelope or container shall not be opened without order of the Court, except by officers of the Court and counsel of record, who, after reviewing the contents shall return them to the clerk in a sealed envelope or container.

10.    Except to the extent otherwise permitted by this Order, counsel for Plaintiff and Defendants shall keep all materials or information designated as confidential by the opposing party that are received subject to this Protective Order within their exclusive possession and control, shall take all necessary and prudent measures to maintain the confidentiality of such materials or information, and shall not permit unauthorized dissemination of such materials to anyone.

11.    Except to the extent permitted by this Order, every qualified person provided copies of or access to material or information designated as confidential pursuant to this Order shall keep all such materials and information, and any permitted copies, notes, abstracts, or summaries of such material, within their exclusive possession and control, shall exercise all necessary and prudent precautions to maintain the confidentiality of all such materials, and shall not disseminate such materials or their contents to anyone. Counsel providing confidential material or information to a qualified person shall provide to that qualified person a copy of this Order.

12.    Any qualified person having access to material or information designated confidential under this Order shall, to the extent copies, duplicates, extracts, summaries,

notes or descriptions of the materials or information of any portion thereof are created, treat any and all such copies, duplicates, extracts, summaries, notes, or descriptions of the materials or information or any portion thereof as confidential, and all provisions of this Order shall apply equally to such materials so created, in the same manner and to the same extent as are materials designated as confidential by GC and GSC.

13.     Promptly after the termination of this action and other designated cases by entry of a final judgment or order of dismissal, all protected documents and confidential information shall be returned to counsel for the party producing those confidential materials. Plaintiff's counsel may retain one copy of any confidential documents that accompanied a motion or brief or were otherwise filed with the Court. All deposition transcripts designed as confidential by GC and GSC and provided by Plaintiff or their attorneys or agents to a qualified person shall be returned to Plaintiff's counsel of record. Plaintiff's counsel of record may retain one copy of each deposition transcript, subject to the ongoing confidentiality obligations imposed herein, and shall destroy all other copies of such transcripts. All deposition transcripts designated as confidential by Plaintiff and provided by GC and GSC or their attorneys or agents to a qualified person shall be returned to GC and GSC's counsel of record or in-house counsel. GC and GSC's counsel of record and in-house counsel may each retain one copy of each deposition transcript, subject to the ongoing confidentiality obligations imposed herein, and shall destroy all other copies of such transcripts. Any documents filed with the Court or original certified copies thereof may remain in the Court files and do not need to be returned to counsel for the party producing those documents.

14.    After the termination of this action by entry of a final judgment or order of dismissal, the provisions of this Order shall continue to be binding. This Order is and shall be deemed to be an enforceable agreement between the parties (and their agents, and attorneys, to the extent permissible by the Massachusetts Rules of Professional Conduct) and the terms of this Order may be enforced by specific performance in any court of competent jurisdiction.

15.    The Parties, with the assistance of the Court, will undertake proper measures to preserve the confidentiality of protected documents and other confidential information used at the trial of this case at the appropriate time.

16.    To the extent that any exhibit lists filed in this case reveal confidential information, they shall be filed under seal as set forth above. Either party may thereafter move for an order seeking to protect and maintain the confidentiality of all such documents at the trial of this case, and counsel shall not oppose any Court order imposing reasonable conditions or restrictions on the disclosure of these materials at trial for the purpose of maintaining the confidentiality of such materials.

17.    This Order shall be binding upon the parties, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and other persons or organizations over whom or which the subject parties have control. The parties, their attorneys, and employees of such attorneys, and their expert witnesses, consultants, and representatives retained in connection with this

8

action each expressly stipulates to the personal jurisdiction of this Court for purposes of any proceeding brought by a party to this action to enforce this Order.

18.     This Order does not constitute a waiver of any party's right to object to discovery on any ground, including the ground that information sought contains trade secrets or other confidential business information, nor does it constitute an admission or representation by any party that any document or information designated as confidential is in fact a trade secret or contains confidential research, development, or commercial information. In particular, this Order does not constitute a waiver of GC and GSC's right to redact documents produced in this action, nor does it constitute a waiver of Plaintiff's right to challenge any such redaction or designation as confidential.

19.     By producing documents for review and inspection by Plaintiff's counsel, GC and GSC do not waive any of their objections to relevance for summary judgment purposes or the admissibility at trial of any such documents.

20.     Prior to producing documents, GC and GSC will redact all patient-identifying and voluntary reporter-identifying information. GC and GSC will not redact the names or other identifying information of mandatory reporters, clinical trial investigators, or authors of articles or study reports. By producing in this litigation for initial inspection, and prior to copying for Plaintiff's counsel, documents that contain the names of patients or physicians, GC and GSC do not waive or violate any duty of GC and GSC to protect the identity of physicians and patients. It is further ordered that neither Plaintiff's counsel nor any employee of consultant, or expert employed by Plaintiff's counsel who participates in the initial document review, shall write down, record, or in any way document for later use in

this litigation or otherwise, the name of any patient or physician contained in such documents, or any other identifying information. It is further ordered that neither Plaintiff's counsel nor any employee of consultant, or expert employed by Plaintiff's counsel who participates in the initial document review, shall attempt to contact any individual based on any information that is subject to redaction but is not redacted prior to the production for initial inspection. Prior to producing copies of materials requested by Plaintiff to be reproduced for use in this case, GC and GSC shall have the right to redact from the name of any physician, the name of any patient, or any other information that would assist in identifying such physician or patient that was not redacted previously.

21.    This Order does not constitute a waiver of any party's right to withhold or redact information protected from disclosure by the attorney-client privilege, physician-patient privilege, work product doctrine, or other applicable privilege, protection, law, or regulation, or to seek appropriate protective orders respecting documents asserted to be subject to such privilege.

22.    Nothing in this order shall limit a party's right to disclose to any person, or use, for any purpose, its own information and documents.

23.    If a party inadvertently produces confidential information without the required "confidential" legend, the producing party shall contact the receiving party within five days of discovering the inadvertent omission, and inform the receiving party in writing of the inadvertent omission and the specific material at issue. Upon receipt of such notice, the receiving party shall treat the material identified in the notice as confidential unless and until (a) the parties agree to non-confidential treatment of the subject material, or (b) the Court, on

motion of either party, issues an order addressing the appropriate treatment of the subject material.

24.    If a party inadvertently produces privileged or work product documents or information, the producing party shall contact the receiving party within five days of discovering the inadvertent omission, and inform the receiving party in writing of the inadvertent production and the specific material at issue.  Upon receipt of such notice, the receiving party shall return all copies of the material identified in the notice unless and until (a) the parties agree to non-privileged and non-work product treatment of the subject material, or (b) the Court, on motion of either party, issues an order addressing the appropriate treatment of the subject material.  Any inadvertent disclosure of privileged or work product material does not constitute a waiver of any claims of privilege or work product.

25.    If a party contends that any document has been erroneously or improperly designated "confidential," it shall nevertheless treat the document as confidential until it either (a) obtains the written permission of each party or producing person to do otherwise, or (b) until the Court overrules the confidential designation of the document.  If a party contends that any document has been erroneously or improperly designated "confidential," that party shall inform the producing party of its objection in writing, and within 30 days of receiving such objection, in an attempt to meet and confer, the producing party shall provide the objecting party with an informal written explanation of the basis for the confidentiality designation.  Nothing in this Order shall constitute a waiver of any party's right to object to the designation of a particular document as confidential.

11

DATE: ~~January 20~~ , 2004

Marianne B. Bowler
~~Hon. George O'Toole~~
MARIANNE B. BOWLER
Chief U.S. Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES E. MALARKY,<br><br>        Plaintiff,<br><br>v.<br><br>GUIDANT CORPORATION,<br>GUIDANT SALES CORPORATION,<br>JOHN DOE a sales representative<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CASE NO. 02-11952 (GAO)

## AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

I, _____, declare and agree as follows:

      1.    I have received and read an entire copy of the Stipulated Protective Order Regarding Treatment of Confidential Information entered by the Court on _____ __, 2004 ("Protective Order"), in the matter captioned *Malarky v. Guidant Corporation, et al.*, No. 02-11952 (GAO).

      2.    I have had the opportunity to discuss with the undersigned counsel of record the nature and ramifications of the Protective Order and understand each of its terms.

      3.    I understand that, on behalf of Plaintiff or one of the Defendants, I will be given access to review documents that contain confidential and proprietary information, documents that may contain patient and reporter-identifying information protected from disclosure by federal law, and documents that contain trade secrets of Defendants, all of

which information would not otherwise be accessible to me but for the fact that I am an agent for Plaintiff or one of the Defendants in this action.

4.      I agree unequivocally to be bound by the terms of the Protective Order and understand fully that my breach of it, or any of its terms, may result in sanctions by the Court, contempt proceedings, and/or other proceedings to enforce the terms of the Protective Order. Moreover, Defendants may seek monetary damages from this Court for any breach of the protective order. I understand that the Protective Order has been issued by a court of competent jurisdiction and is enforceable by the power of contempt.

5.      To this end, I agree to submit to the jurisdiction of the United States District Court for the District of Massachusetts for the purpose of any proceedings that may be instituted to enforce the terms of the Protective Order. In any such proceedings, I agree not to make any challenge based upon personal jurisdiction, subject matter jurisdiction, or venue.

I declare under penalty of perjury under the laws of the State of Massachusetts that the foregoing is true and correct and represents my understanding of my agreement to be bound to the terms of the Protective Order.

Executed this _____ day of _____, 200__, at _____.


_____


INSOFAR AS APPLICABLE:


_____
Counsel of Record

AO 94 (Rev. 8/85) Commitment to Another District

# United States District Court

## DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

V.

PEDRO SANTOS

## COMMITMENT TO ANOTHER DISTRICT

CASE NUMBER:  MJ# 03-900-MBB

of _____ ‾‾‾‾‾‾‾ _____ 21 __ U.S.C. ____ 952 _____ alleged to have been com-

mitted in the_____ EASTERN _____ District of ____ NEW YORK _____.

Brief Description of Charge(s):
CONSPIRACY TO IMPORT A SCHEDULE 1 CONTROLLED SUBSTANCE

The defendant has been unable to obtain release under the Bail Reform Act of 1984, 18 U.S.C. §§3141-3143.

TO:  THE UNITED STATES MARSHAL

You are hereby commanded to take custody of the above named defendant and to transport that defendant with a certified copy of this commitment forthwith to the district of offense as specified above and there deliver the defendant to the United States Marshal for that District or to some other officer authorized to receive the defendant, all proceedings required by Fed. R. Crim. P. 40 having been completed.

January 20, 2004
_____
Date

Marianne B. Bowler, USMJ
_____
Judicial Officer

| RETURN | | |
|---|---|---|
| This commitment was received and executed as follows: | | |
| DATE COMMITMENT ORDER RECEIVED | PLACE OF COMMITMENT | DATE DEFENDANT COMMITTED |
| DATE | UNITED STATES MARSHAL | (BY) DEPUTY MARSHAL |

This form was electronically produced by Elite Federal Forms, Inc.

AO 466 (Rev. 9/92) Waiver of Rule 40 Hearings

# United States District Court
## DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

V.

PEDRO SANTOS

**WAIVER OF RULE 40 HEARINGS**
**(Excluding Probation Cases)**

Case Number:   MJ# 03-900-MBB

I, _____ PEDRO SANTOS _____, t          h          e

_____ EASTERN _____ District of _____ NEW YORK _____, charges are pending

alleging violation of _____ 21 USC 952 _____ and that I have been

arrested in this District and taken before a United States Magistrate Judge who informed me of the charge and of my right to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel, (2) request transfer of the proceedings to this district pursuant to Rule 20, Fed. R. Crim. P., in order to plead guilty, (3) an identity hearing to determine if I am the person named in the charge, and (4) a preliminary examination (unless an indictment has been returned or an information filed) to determine whether there is probable cause to believe an offense has been committed by me, the hearing to be held either in this district or the district of prosecution.

I HEREBY WAIVE (GIVE UP) MY RIGHT TO A(N):

☐ identity hearing

☐ preliminary examination

☐ identity hearing and have been informed I have no right to a preliminary examination

☑ identity hearing but request a preliminary examination be held in the prosecuting district

and, therefore, consent to the issuance of an order requiring my appearance in the prosecuting district where the charge is pending against me.

X _____
_Defendant_

1/20/04
_____
_Date_

_____
_Defense Counsel_

This form was electronically produced by Elite Federal Forms, Inc.

# MAGISTRATE JUDGE CLERK NOTES

| | |
|---|---|
| Magistrate Judge: *BOWLER* | Date: *1/15/04* |
| Courtroom Clerk: *HOWARTH* | Tape Number: _____ |
| Case: USA v. *LEONID STAM* | Case Number: *03-CR-10145* |
| AUSA: *AUERHAHN* | Defense Counsel: *FERNANDEZ* |
| PTSO/PO: _____ | Interpreter: _____ |

## TYPE OF HEARING

**[ ] Initial Appearance**
[ ] Defendant Sworn
[ ] Advised of Charges
[ ] Advised of Rights
[ ] Requests Counsel
[ ] Will Retain Counsel
[ ] Court Orders Counsel be Appointed
[ ] Government Requests Detention & Continuance
[ ] Defendant Released on _____ with conditions
[ ] Defendant Consents to Voluntary Detention

[ ] Arrested on
Warrant issued
On_____
[ ] Arrested on
Probable Cause
On_____

**[ ] Arraignment**
[ ] Defendant Waived Reading of Indictment
[ ] Defendant Pleads Not Guilty to Counts
_____

**[ ] Removal Hearing/Rule 40**
[ ] Defendant Waives Identity Hearing
[ ] Defendant Ordered Removed to Charging District. Order to Issue.
[ ] Defendant Released, Conditions Remain/ Modified/Set
[ ] Identity Established

**[ ] Preliminary Examination (Rule 5 or Rule 32.1)**
[ ] Probable Cause Found
[ ] Identity Established
[ ] Defendant Waives Identity Hearing
[ ] Defendant Waives Preliminary Examination

**[ ] Preliminary Probation Revocation Hearing**
[ ] Defendant Ordered Detained
[ ] Defendant Released

**[ ] Detention Hearing**
[ ] Defendant Requests a Continuance
[ ] Defendant Consents to Voluntary Detention
[ ] Defendant Detained, Order to Issue
[ ] Defendant Released on _____ with conditions
[ ] Detention Taken Under Advisement

**[ ] Bail Revocation Hearing**
[ ] Bail Revoked, Defendant Ordered Detained
[ ] Defendant Released, Conditions Remain/Modified
[ ] Defendant Released on _____ with Conditions

**[ ] INITIAL STATUS CONFERENCE**

**[ ] FINAL STATUS CONFERENCE**

## CONTINUED PROCEEDINGS

*FINAL STATUS* ~~Hearing~~/Conference set for *FEB 9, 2004* at *2:30 P.M.*

## REMARKS

*FURTHER STATUS CONFERENCE HELD; COURT INQUIRES OF COUNSEL THE STATUS OF CASE; COUNSEL REQUEST THE COURT SET A FINAL STATUS CONFERENCE IN 30 DAYS; COURT AGREES; DATE 2/9/04 AT 2:30 COUNSEL TO FILE MOTION FOR EXCLUDABLE DELAY UP TO 2/9/04*

## MAGISTRATE JUDGE CLERK NOTES

| | |
|---|---|
| Magistrate Judge: _BOWLER_ | Date: _1/15/04_ |
| Courtroom Clerk: _HOWARTH_ | Tape Number: _____ |
| Case: USA v. _OLEG YENTIN_ | Case Number: _03-CR-10147_ |
| AUSA: _AUERHAHN_ | Defense Counsel: _WEINSTEIN_ |
| PTSO/PO: _____ | Interpreter: _____ |

## TYPE OF HEARING

| | |
|---|---|
| [ ] **Initial Appearance**   [ ] Arrested on<br>[ ] Defendant Sworn   Warrant issued<br>[ ] Advised of Charges   On_____<br>[ ] Advised of Rights   [ ] Arrested on<br>[ ] Requests Counsel   Probable Cause<br>[ ] Will Retain Counsel   On_____<br>[ ] Court Orders Counsel be Appointed<br>[ ] Government Requests Detention & Continuance<br>[ ] Defendant Released on _____ with<br>conditions<br>[ ] Defendant Consents to Voluntary Detention | [ ] **Arraignment**<br>[ ] Defendant Waived Reading of Indictment<br>[ ] Defendant Pleads Not Guilty to Counts<br>_____<br><br>[ ] **Removal Hearing/Rule 40**<br>[ ] Defendant Waives Identity Hearing<br>[ ] Defendant Ordered Removed to Charging District.<br>Order to Issue.<br>[ ] Defendant Released, Conditions Remain/ Modified/Set<br>[ ] Identity Established |
| [ ] **Preliminary Examination (Rule 5 or Rule 32.1)**<br>[ ] Probable Cause Found<br>[ ] Identity Established<br>[ ] Defendant Waives Identity Hearing<br>[ ] Defendant Waives Preliminary Examination | [ ] **Preliminary Probation Revocation Hearing**<br>[ ] Defendant Ordered Detained<br>[ ] Defendant Released |
| [ ] **Detention Hearing**<br>[ ] Defendant Requests a Continuance<br>[ ] Defendant Consents to Voluntary Detention<br>[ ] Defendant Detained, Order to Issue<br>[ ] Defendant Released on _____ with<br>conditions<br>[ ] Detention Taken Under Advisement | [ ] **Bail Revocation Hearing**<br>[ ] Bail Revoked, Defendant Ordered Detained<br>[ ] Defendant Released, Conditions Remain/Modified<br>[ ] Defendant Released on _____ with<br>Conditions |
| [ ] **INITIAL STATUS CONFERENCE** | [ ] **FINAL STATUS CONFERENCE** |

## CONTINUED PROCEEDINGS

_FINAL STATUS_   ~~Hearing~~/Conference set for _MARCH 8, 2004_   at _10:30 AM_

## REMARKS

_FURTHER STATUS CONFERENCE HELD. COURT INQUIRES OF COUNSEL THE STATUS OF THE CASE. COUNSEL REQUEST THE COURT TO SET A FINAL STATUS CONFERENCE IN 45 DAYS. COURT AGREES. DATE MARCH 5, 2004 AT 10:30 AM. COUNSEL TO FILE MOTION FOR EXCLUDABLE DELAY           UP TO 3/8/04_

(O:\Clerks Office\Forms\Local\CrCtNoteMJ.wpd)

COPY

CJA 20  APPOINTMENT OF AND AUTHORITY TO PAY COURT APPOINTED COUNSEL

| 1. CIR./DIST./DIV. CODE<br>MAX | 2. PERSON REPRESENTED<br>WEBB, CHARLES | | VOUCHER NUMBER |
|---|---|---|---|

| 3. MAG. DKT./DEF. NUMBER | 4. DIST. DKT./DEF. NUMBER<br>1:93-010021-004 | 5. APPEALS DKT./DEF. NUMBER | 6. OTHER DKT. NUMBER |
|---|---|---|---|

| 7. IN CASE/MATTER OF  (Case Name)<br>U.S. v. WEBB | 8. PAYMENT CATEGORY<br>Other | 9. TYPE PERSON REPRESENTED<br>Adult Defendant | 10. REPRESENTATION TYPE<br>(See Instructions)<br>Probation Revocation |
|---|---|---|---|

11. OFFENSE(S) CHARGED (Cite U.S. Code, Title & Section)  If more than one offense, list (up to five) major offenses charged, according to severity of offense.

| 12. ATTORNEY'S NAME  (First Name, M.I., Last Name, including any suffix)<br>AND MAILING ADDRESS<br><br>DUGGAN, JAMES P.<br>160 State St.<br>8th Floor<br>Boston MA  02109<br><br>Telephone Number:   (617) 523-7222 | 13. COURT ORDER<br>☒ O  Appointing Counsel          ☐ C  Co-Counsel<br>☐ F  Subs For Federal Defender    ☐ R  Subs For Retained Attorney<br>☐ P  Subs For Panel Attorney      ☐ Y  Standby Counsel<br>Prior Attorney's Name:<br>        Appointment Date: |
|---|---|
| 14. NAME AND MAILING ADDRESS OF LAW FIRM (only provide per instructions) | ☐ Because the above-named person represented has testified under oath or has otherwise satisfied this court that he or she (1) is financially unable to employ counsel and (2) does not wish to waive counsel, and because the interests of justice so require, the attorney whose name appears in Item 12 is appointed to represent this person in this case, or<br>☐ Other (See Instructions)<br><br>_____<br>Signature of Presiding Judicial Officer or By Order of the Court<br>        01/07/2004<br>Date of Order                    Nunc Pro Tunc Date<br>Repayment or partial repayment ordered from the person represented for this service at time of appointment.    ☐ YES    ☐ NO |

| | CATEGORIES (Attach itemization of services with dates) | HOURS CLAIMED | TOTAL AMOUNT CLAIMED | MATH/TECH ADJUSTED HOURS | MATH/TECH ADJUSTED AMOUNT | ADDITIONAL REVIEW |
|---|---|---|---|---|---|---|
| 15. | a. Arraignment and/or Plea | | | | | |
| In Court | b. Bail and Detention Hearings | | | | | |
| | c. Motion Hearings | | | | | |
| | d. Trial | | | | | |
| | e. Sentencing Hearings | | | | | |
| | f. Revocation Hearings | | | | | |
| | g. Appeals Court | | | | | |
| | h. Other (Specify on additional sheets) | | | | | |
| | (Rate per hour = $           )    TOTALS: | | | | | |
| 16. | a. Interviews and Conferences | | | | | |
| Out of Court | b. Obtaining and reviewing records | | | | | |
| | c. Legal research and brief writing | | | | | |
| | d. Travel time | | | | | |
| | e. Investigative and Other work  (Specify on additional sheets) | | | | | |
| | (Rate per hour = $           )    TOTALS: | | | | | |
| 17. | Travel Expenses  (lodging, parking, meals, mileage, etc.) | | | | | |
| 18. | Other Expenses  (other than expert, transcripts, etc.) | | | | | |

| 19. CERTIFICATION OF ATTORNEY/PAYEE FOR THE PERIOD OF SERVICE<br>FROM _____ TO _____ | 20. APPOINTMENT TERMINATION DATE<br>IF OTHER THAN CASE COMPLETION | 21. CASE DISPOSITION |
|---|---|---|

| 22. CLAIM STATUS    ☐ Final Payment    ☐ Interim Payment Number _____    ☐ Supplemental Payment<br>Have you previously applied to the court for compensation and/or reimbursement for this case?    ☐ YES    ☐ NO    If yes, were you paid?    ☐ YES    ☐ NO<br>Other than from the court, have you, or to your knowledge has anyone else, received payment (compensation or anything or value) from any other source in connection with this representation?    ☐ YES    ☐ NO    If yes, give details on additional sheets.<br>I swear or affirm the truth or correctness of the above statements.<br>Signature of Attorney: _____    Date: _____ |
|---|

| 23. IN COURT COMP. | 24. OUT OF COURT COMP. | 25. TRAVEL EXPENSES | 26. OTHER EXPENSES | 27. TOTAL AMT. APPR / CERT |
|---|---|---|---|---|

| 28. SIGNATURE OF THE PRESIDING JUDICIAL OFFICER | DATE | 28a. JUDGE / MAG. JUDGE CODE |
|---|---|---|

| 29. IN COURT COMP. | 30. OUT OF COURT COMP. | 31. TRAVEL EXPENSES | 32. OTHER EXPENSES | 33. TOTAL AMT. APPROVED |
|---|---|---|---|---|

| 34. SIGNATURE OF CHIEF JUDGE, COURT OF APPEALS (OR DELEGATE) Payment approved in excess of the statutory threshold amount. | DATE | 34a. JUDGE CODE |
|---|---|---|

# FINANCIAL AFFIDAVIT

CJA 23
(Rev. 5/98)

IN SUPPORT OF REQUEST FOR ATTORNEY, EXPERT OR OTHER COURT SERVICES WITHOUT PAYMENT OF FEE

| IN UNITED STATES | ☐ MAGISTRATE | ☒ DISTRICT | ☐ APPEALS COURT or | ☐ OTHER PANEL (Specify below) | LOCATION NUMBER |
|---|---|---|---|---|---|

IN THE CASE OF  USA  vs.  Raquel Forero

FOR

AT

**PERSON REPRESENTED** (Show your full name)  Raquel Forero

**DOCKET NUMBERS**

Magistrate

District Court  03-10380 PBS

Court of Appeals

| 1 ☒ Defendant – Adult |
| 2 ☐ Defendant – Juvenile |
| 3 ☐ Appellant |
| 4 ☐ Probation Violator |
| 5 ☐ Parole Violator |
| 6 ☐ Habeas Petitioner |
| 7 ☐ 2255 Petitioner |
| 8 ☐ Material Witness |
| 9 ☐ Other (Specify) |

**CHARGE/OFFENSE** (describe if applicable & check box →) ☒ Felony ☐ Misdemeanor

## ASSETS

### EMPLOYMENT

Are you now employed? ☒ Yes ☐ No ☐ Am Self Employed

Name and address of employer: KNF+T Staffing Resources  Boston

IF YES, how much do you earn per month? $ 1,400 gross

IF NO, give month and year of last employment  How much did you earn per month? $ _____

If married is your Spouse employed? ☐ Yes ☐ No

IF YES, how much does your Spouse earn per month? $ _____  If a minor under age 21, what is your Parents or Guardian's approximate monthly income? $ _____

N/A

### OTHER INCOME

Have you received within the past 12 months any income from a business, profession or other form of self-employment, or in the form of rent payments, interest, dividends, retirement or annuity payments, or other sources? ☐ Yes ☒ No

IF YES, GIVE THE AMOUNT RECEIVED & IDENTIFY THE SOURCES

RECEIVED | SOURCES

### CASH

Have you any cash on hand or money in savings or checking account? ☒ Yes ☐ No  IF YES, state total amount $ 600

### PROPERTY

Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? ☐ Yes ☒ No

IF YES, GIVE THE VALUE AND DESCRIBE IT

VALUE | DESCRIPTION

## OBLIGATIONS & DEBTS

### DEPENDENTS

MARITAL STATUS: ☒ SINGLE ☐ MARRIED ☐ WIDOWED ☐ SEPARATED OR DIVORCED

Total No. of Dependents

List persons you actually support and your relationship to them

### DEBTS & MONTHLY BILLS
(LIST ALL CREDITORS, INCLUDING BANKS, LOAN COMPANIES, CHARGE ACCOUNTS, ETC.)

| APARTMENT OR HOME: | Creditors | Total Debt | Monthly Payt. |
|---|---|---|---|
| Rent | | $ | $ 600 |
| | IRS | $ | $ 100 |
| | | $ | $ |
| Am. Student Loan | | $ 30,000 | $ 40 |

I certify under penalty of perjury that the foregoing is true and correct. Executed on (date) _____

SIGNATURE OF DEFENDANT (OR PERSON REPRESENTED)  Raquel Forero

AO 199A (Rev. 3/87) Order Setting Conditions of Release

Page 1 of ___3___ Pages

# United States District Court

_____ DISTRICT OF _M A_ _____

UNITED STATES OF AMERICA

v.

_Raquel Josono_
Defendant

## ORDER SETTING CONDITIONS
## OF RELEASE

Case Number: _03CR-10380-PBS_

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1)  The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2)  The defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing of any change in address and telephone number.

(3)  The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall next appear at (if blank, to be notified)_____

_____

Place

_____ on _____

Date and Time

## Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

( ✔ ) (4)  The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

(    ) (5)  The defendant executes an unsecured bond binding the defendant to pay the United States the sum of

_____ dollars ($_____)

in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

AO199B (Rev.8/97) Additional Conditions of Release

Page____2__of__3____Pages

## Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community, it is FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

(    ) (6)    The defendant is placed in the custody of:  *R. O. R.*
(Name of person or organization) _____
(Address) _____
(City and state) _____  (Tel. No.) _____
who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _____
Custodian or Proxy
*Defendant*

(    ) (7)    The defendant shall:
(☒) (a)    maintain or actively seek employment.
(  ) (b)    maintain or commence an educational program.
(☒) (c)    abide by the following restrictions on his personal associations, place of abode, or travel:
*Travel restricted to New England*
_____

(  ) (d)    avoid all contact with the following named persons, who are considered either alleged victims or potential witnesses:
_____

(☒) (e)    report on a regular basis to the supervising officer. *as directed by Pretrial Services*
(  ) (f)    comply with the following curfew: _____
(☒) (g)    refrain from possessing a firearm, destructive device, or other dangerous weapon.
(☒) (h)    refrain from excessive use of alcohol.
(☒) (i)    refrain from any use or unlawful possession of a narcotic drug and other controlled substances defined in 21 U.S.C. §802 unless prescribed by a licensed medical practitioner.
(  ) (j)    undergo medical or psychiatric treatment and/or remain in an institution, as follows:_____
(  ) (k)    execute a bond or an agreement to forfeit upon failing to appear as required, the following sum of money or designated property _____
(  ) (l)    post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described money: _____
(  ) (m)    execute a bail bond with solvent sureties in the amount of $ _____
(  ) (n)    return to custody each (week)day as of _____ o'clock after being released each (week)day as of _____ o'clock for employment, schooling, or the following limited purpose(s): _____
(☒) (o)    surrender any passport to *Pretrial Services by 1-24-04*
(☒) (p)    obtain no passport.
(☒) (q)    submit to urine analysis testing upon demand of the supervising officer. *or other drug testing*
(  ) (r)    participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the supervising officer.
(  ) (s)    submit to an electronic monitoring program as directed by the supervising officer.
(☒) (t)    *Maintain residence*

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND

A violation of any of the foregoing conditions of release may result in immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of any crime while on pre-trial release may result in an additional sentence to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to five years of imprisonment, and a $250,000 fine or both to intimidate or attempt to intimidate a witness, victim, juror, informant or officer of the court, or to obstruct a criminal investigation. It is also a crime punishable by up to ten years of imprisonment, a $250,000 fine or both, to tamper with a witness, victim or informant, or to retaliate against a witness, victim or informant, or to threaten or attempt to do so.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;
(2) an offense punishable by imprisonment for a term of five or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgement of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Signature of defendant

333 Broadway #32
Address

Somerville MA 02145
City and State                        Telephone

## Directions to United States Marshal

[✓] The defendant is ORDERED released after processing.
[ ] The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: Jan 16, 2004

_____
Signature of Judicial Officer
MARIANNE B. BOWLER
CHIEF U.S. MAGISTRATE JUDGE
Name and Title of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.