UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | CRIMINAL NO. 03-10380-PBS |
| ) | |
| RAQUEL FORERO ) | |

SENTENCING MEMORANDUM

I. MS. FORERO SHOULD BE IN CRIMINAL HISTORY CATEGORY I.

The Presentence Report ("PSR") assigns to Ms. Forero a total of three criminal history points for a continuance without a finding for operating under the influence of alcohol. PSR, ¶ 41. We submit that, even if the continuance without a finding should be counted as a "diversionary disposition" under U.S.S.G. § 4A1.2(f), resulting in a single criminal history point, an additional two points should not be added under U.S.S.G. § 4A1.1(d).  See ¶ 47.

Section 4A1.1(d) provides for a two-level enhancement "if the defendant committed the instant offense while under any criminal justice sentence[.]"

We submit that the determination of whether Ms. Forero was under a criminal justice sentence is one to which Blakely v. Washington, 124 S.Ct. 2531 (2004), applies.  Blakely applied to a state sentencing guideline scheme the holding of Apprendi v. New Jersey, 530 U.S. 466, 490 (2000):  "Other than the fact of a

1

prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

The issue here does not fall within the exception to <u>Apprendi</u>, as the issue is not the <u>fact</u> of a prior conviction but the factual issue of whether Ms. Forero was, at the time of the instant offense, under a criminal justice sentence. Therefore, it must be submitted to a jury and proved beyond a reasonable doubt.

Application note four to § 4A1.1 states that, for purposes of applying § 4A1.1(d), "'a criminal justice sentence' means a sentence countable under § 4A1.2 . . . <u>having a custodial or supervisory component</u>, although active supervision is not required[.]" (emphasis added). Obviously, there was no custodial component in this case.

Other circuits have held that a so-called "conditional discharge" can provide the basis for an increase under § 4A1.1(d), where the court retains the power to terminate or revoke the discharge. <u>See</u>, <u>e.g.</u>, <u>United States v. Gorman</u>, 312 F.3d 1159, 1166-67 (10th Cir. 2002) (collecting cases). The First Circuit has not specifically addressed the applicability of that guideline section to a continuance without a finding.

We submit that the term "supervisory component" should not be read so broadly as to encompass the continuance without a

2

finding at issue in this case.

The Massachusetts Supreme Judicial Court has held that a continuance without a finding does not require probation, either supervised or unsupervised. Commonwealth v. Rotonda, 434 Mass. 211 (2001). Referring to M.G.L. c. 278, § 18, the SJC observed that

> Probation (supervised or unsupervised) is not a requirement of the statute, but an alternative to other conditions which the judge might find more appropriate. See commentary to Rule 9 of the District Court Rules for Probation Violation Proceedings (2001) (stating that continuance without finding may be imposed with or without probation).

Id. at 218.

The lack of a requirement of probation in Massachusetts stands in contrast to some of the withheld disposition schemes that have been held to have a supervisory component. See, e.g., United States v. Vela, 992 F.2d 1116, 1117 (10th Cir. 1993) (holding that, because Oklahoma statute regarding deferred judgment requires defendant to be placed on probation, it has "supervisory component" consistent with § 4A1.1(d)).

Indeed, the absence of a mandated term of probation was the distinction that led the Ninth Circuit to hold that a "deferred sentence," that included an assessment of court costs, did not qualify under § 4A1.1(d). United States v. Kipp, 10 F.3d 1463, 1467 (9th Cir. 1993). The Colorado disposition of "deferred sentence" at issue in Kipp is comparable to the Massachusetts

continuance without a finding.  After accepting a plea, a Colorado court may "continue the case . . . for the purpose of entering a judgment and sentence" and "*may* place the defender under supervision of the probation department."  *Kipp*, 10 F.3d at 1467, quoting Colo. Rev. Stat. § 16-7-403(1)(1993).

The *Kipp* court held that the disposition did not trigger an enhancement because no sentence had been imposed, so "the defendant cannot be 'under' a sentence," and because "there is no indication in the record here that defendant was placed under probation supervision."  *Id.*, distinguishing *Vela*.

Here, as in *Kipp*, there was no sentence, nor even an adjudication of guilt.  U.S.S.G. § 4A1.2(a)(1) defines a prior sentence as a sentence "imposed upon adjudication of guilt."  In a CWOF, there is no adjudication of guilt.

Ms. Forero was not placed under probation supervision.  The Addendum to the PSR reports that the state court probation officer asserted that the probation office would have assigned the defendant to an alcohol program and ensured the defendant's payment of court costs.  Even assuming *arguendo* the truth of those assertions, they would not be sufficient to qualify Ms. Forero for the two-level enhancement.

The involvement of a probation officer in an administrative capacity does not provide the supervisory component required by § 4A1.1(d).  In Massachusetts, probation officers perform

functions in addition to supervising sentenced individuals. They act as an arm of the court, gathering information. For example, probation officers are responsible for providing information regarding criminal history at arraignment, see M.G.L. c. 276 § 85.

The probation officer's role in regard to substance abuse treatment for persons convicted of operating under the influence similarly is a similar information-gathering one. By regulation, treatment providers are to notify the court's probation officer "if the program is unable to admit and/or provide adequate and appropriate care to a court-referred individual[.]" 105 CMR 166.050.

The probation officer's function with respect to verifying payment of court costs or a fine also is an administrative, rather than supervisory role. A sentence of a fine, absent imposition of a term of supervision to ensure payment of the fine, would not qualify for an enhancement under § 4A1.1(d). See § 4A1.1, comment n.4. The fact that a probation officer verifies that the fine has been paid does not convert a disposition that would not qualify under § 4A1.1(d) into one that does qualify.

As a result of the foregoing arguments, the total criminal history points should be 1, resulting in Criminal History Category I, see ¶ 48, and a guideline range of 0-6 months, see ¶ 91.

II.  UNDER <u>BLAKELY V. WASHINGTON</u>, THIS COURT SHOULD SENTENCE MS. FORERO UNDER AN INDETERMINATE SENTENCING SCHEME, TREATING THE GUIDELINES AS ADVISORY.

A number of courts have held that <u>Blakely</u> renders the guidelines advisory, and requires indeterminate sentencing.  <u>See</u> <u>United States v. Mueffleman</u>, 327 F.Supp.2d 79 (D.Mass. 2004) (Gertner, J.); <u>United States v. Croxford</u>, 324 F.Supp.2d 1255 (D. Utah 2004).

If indeterminate sentencing is applied in this case, using either the 4-10 month Zone B range found by the Probation Department or the 0-6 month range advocated by defendant, the court should impose a sentence of straight probation.  Ms. Forero has entered a guilty plea to a misdemeanor of failing to file her taxes.  She now has filed for all three years, and has paid off the entire outstanding tax liability.

Ms. Forero was emotionally abused during her childhood and was in two abusive relationships that spanned the time of the charged offense.  It was during the first of those two relationships that her boyfriend suggested that she not file her taxes.  Her next relationship was one in which Ms. Forero was violently abused.  It was during the aftermath of that relationship that Ms. Forero failed to file her 1999 tax return.

Ms. Forero has been compliant with conditions of pretrial release and gainfully employed throughout the time that this case has been pending.  Drug testing conditions were removed by

agreement, because Ms. Forero never had any positive tests for drugs.

Ms. Forero is genuinely remorseful for her actions. Her entire criminal history prior to the instant offense consists of a charge of operating under the influence of alcohol, which ultimately was dismissed.

In light of all of the circumstances of the offense, we submit that Ms. Forero should be sentenced to a term of one year probation.

>                             RAQUEL FORERO
>                             By her attorney,
>
>
>                             /s/Miriam Conrad
>
>                             Miriam Conrad
>                                B.B.O. # 550223
>                             Federal Defender Office
>                             408 Atlantic Ave., 3rd Floor
>                             Boston, MA  02110
>                             Tel: 617-223-8061

## CERTIFICATE OF SERVICE

I, Miriam Conrad, hereby certify that a true copy of the above document was served upon Assistant United States Attorney Stephen G. Huggard by interoffice delivery and upon U.S. Probation Officer Lisa Dube by FAX on September 28, 2004.

>                             /s/ Miriam Conrad
>                              Miriam Conrad